LABORDE, Judge.
In this criminal case, defendant, David R. Hand, Jr., appeals his conviction for possession of marijuana with intent to distribute. We affirm defendant’s conviction since his only assignment of error merely repeats the same argument he previously presented to this court in a supervisory writ on the same issue.
FACTS
On March 25, 1988, defendant, David R. Hand, Jr., was arrested for possession of marijuana. After being charged by bill of information, defendant filed a motion to suppress with the trial court maintaining the contraband found in his vehicle was seized pursuant to an illegal search. After a hearing on the motion, the trial judge denied suppression of the evidence in question on April 30, 1990. Subsequently, defendant filed an application for a supervisory writ in this court alleging the trial court improperly denied his motion to suppress. State v. Hand, an unpublished writ application bearing docket No. K90-773 (La.App. 3d Cir.1990). This court denied the application. Defendant sought additional judicial review of his motion to suppress by filing an application for a supervisory writ with the Louisiana Supreme Court. State v. Hand, 569 So.2d 982 (La.1990). The supreme court denied this writ on November 26, 1990.
After defendant exhausted judicial review of the denial of his motion to suppress, he entered a guilty plea to the charge of possession of marijuana with intent to distribute on July 8, 1991, reserving his right to appeal. Thereafter, defendant timely filed a motion to appeal with this court asserting one assignment of error.
ASSIGNMENT OF ERROR
By this assignment of error, defendant once again claims the trial court erred in its denial of defendant’s motion to suppress evidence seized as a result of a search exceeding the scope of consent given. This is the same issue which this court denied in a previous writ application on behalf of this defendant. See, State v. Hand, Jr., K90-773 (La.App. 3d Cir.1990).
In State v. Ondek, 584 So.2d 282 (La.App. 1st Cir.1991), writ denied, 586 So.2d 539 (La.1991), defendant filed a pretrial motion to suppress a confession, which was denied by the trial court. Defendant then filed an application for a supervisory writ with the First Circuit Court of Appeal, which affirmed the trial court’s ruling. Subsequently, defendant sought review with the Louisiana Supreme Court, which ruled the confession was admissible. See, State v. Ondek, 551 So.2d 1312 (La.1989). After trial, defendant appealed, again alleging the trial court’s ruling was erroneous. The court stated:
Although a pretrial determination of the admissibility of evidence does not absolutely preclude a different decision on appeal, judicial efficiency demands that this Court accord great deference to its pre-trial decision unless it is apparent, in light of the subsequent trial record, that the determination was patently erroneous and produced an unjust result. State v. Johnson, 438 So.2d 1091 (La.1983); State v. Humphrey, 412 So.2d 507 (La.1982) on rehearing.
See also State v. Moran, 584 So.2d 318 (La.App. 4th Cir.1991).
Accordingly, due deference will be accorded to this court’s pretrial decision finding no error in the trial court’s denial of defendant’s motion to suppress, and therefore, defendant’s repetitive claim will not be reconsidered. This is especially true in light of the fact that there is no trial record to support a suggestion that this court’s prior ruling was patently erroneous. There is no new evidence to cast doubt on the determination made by the trial court, this court, or the Louisiana Supreme Court. *474 Therefore, defendant’s conviction is affirmed.
AFFIRMED.